UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARJORIE TOWNLEY,

        Plaintiff,

v.

THE SERVICEMASTER COMPANY,
LLC and TERMINIX D/B/A SCHENDEL
PEST SERVICES,

        Defendants.

Case No. 17-2430-DDC-JPO

### MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's Motion for Attorneys' Fees. Doc. 22. After holding an evidentiary hearing on October 17, 2017, the court granted plaintiff Marjorie Townley's Motions for Default Judgment against defendants The Servicemaster Company, LLC ("Servicemaster") and Terminix d/b/a Schendel Pest Services because neither defendant had filed an Answer after plaintiff served them with the summons and Complaint. Doc. 20. And, on October 25, 2017, the court entered a default judgment against defendants in the amount of $29,261.68 for back pay damages, $86,400 for front pay damages, $50,000 for emotional distress damages, and $100,000 for punitive damages. Doc. 21. The court also ordered plaintiff to submit any motion for attorney's fees and costs consistent with Fed. R. Civ. P. 54(d) and our local rule, D. Kan. Rule 54.2, within 14 days of the date of its October 25, 2017 Order.

Consistent with the court's Order, plaintiff has filed a Motion for Attorneys' Fees. Doc. 22. Plaintiff's motion acknowledges that our local rule requires a party seeking attorneys' fees to meet and confer with the opposing party about the fee request. *See* D. Kan. Rule 54.2(a) ("A party who moves for statutory attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2) must promptly

initiate consultation with the other party or parties."); *see also* D. Kan. Rule 54.2(c) (explaining that when the parties are unable to agree on a fee award, "the moving party must file the following within 30 days of filing the motion:  (1) a statement that, after consultation in accordance with this rule, the parties have been unable to reach an agreement with regard to the fee award; and (2) a memorandum setting forth the factual basis for each criterion that the court is asked to consider in making an award."). But, plaintiff asks the court to excuse her from this requirement because defendants have defaulted and there is no other party for plaintiff to consult with about her fee application.

The court finds good reason to excuse plaintiff from Rule 54.2's meet and confer requirement here. Our court has required compliance with the requirement in at least one other default judgment case, but that case involved a corporation who had appeared previously through counsel and then defaulted. *See Albert v. Wesley Hosp. Health Serv.*, No. 00-2067-KHV, 2001 WL 777072, at *1 (D. Kan. July 3, 2001). Here, neither defendant has appeared in this lawsuit in person or by representative. Plaintiff thus has no party to contact to initiate the meet and confer process. The court thus excuses plaintiff from this requirement here.

Plaintiff's Motion for Attorneys' Fees seeks $28,937.50 in legal fees under Title VII. Title VII allows a prevailing party to recover "reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000e-5(k). To secure an attorney fee award under Title VII, "'a claimant must prove two elements:  (1) that the claimant was the 'prevailing party' in the proceeding; and (2) that the claimant's fee request is 'reasonable.'" *Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1176 (10th Cir. 2010) (quoting *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998)). Plaintiff satisfies both requirements here.

First, plaintiff is the prevailing party because the court has entered default judgment in her favor on both of her Title VII claims. *See* Doc. 20; *see also Fox v. Pittsburgh State Univ.*, __ F. Supp. 3d __, 2017 WL 2735475, at *3 (D. Kan. June 26, 2017) ("A prevailing party is one that succeeds 'on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.'" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983))).

Second, the court concludes that plaintiff's attorney fee request is a reasonable one. The Tenth Circuit has instructed that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Flitton*, 614 F.3d at 1176 (first citing *Hensley*, 461 U.S. at 433; then quoting *Robinson*, 160 F.3d at 1281 ("[A] court must begin by calculating the so-called 'lodestar amount' of a fee, . . . [which] is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'")). The party requesting attorney fees bears the burden to prove the amount of hours spent on the case and the appropriate hourly rates. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000). Once an applicant satisfies this burden, the court presumes that the lodestar figure is a reasonable fee. *Robinson*, 160 F.3d at 1281.

After determining the lodestar, the court may adjust that figure upward or downward "'to account for the particularities of the suit and its outcome.'" *Fox*, 2017 WL 2735475, at *3 (quoting *Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012)). This approach requires consideration of the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). Those factors are: (1) time and labor required; (2) novelty and difficulty of the questions presented in the case; (3) skill requisite to perform the legal service properly; (4) preclusion of

3

other employment by the attorneys due to acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717–19.

Although the court may consider each of these factors, it need not consider those factors "'subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Fox,* 2017 WL 2735475, at *5 (quoting *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1281 (D. Kan. 2016)). This is so because "[t]he lodestar calculation is meant to be the primary consideration when awarding fees rather than the *Johnson* factors." *Id.* (citing *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1103 (10th Cir. 2010)).

To support her fee request, plaintiff has submitted her counsel's billing records along with affidavits attesting to the reasonableness of the time counsel devoted to plaintiff's lawsuit and providing information about counsel's experience, reputation, and ability. Anne Schiavone, an attorney with 18 years' experience representing plaintiffs in personal injury and employment related matters, billed 30 hours of time to the litigation at an hourly rate of $450 for a total amount of $13,500. Kathleen Mannion, an attorney with six years' experience litigating employment discrimination matters, billed 47.5 hours to the litigation at an hourly rate of $325 for a total amount of $15,437.50. Together, Ms. Schiavone and Ms. Mannion's fees total plaintiff's requested award of $28,937.50.

After reviewing the billing records, the court finds that the hours recorded are reasonable. Each specific task recorded is a proper charge for this Title VII matter, and the time spent on

each task is reasonable.  The court also finds that the hourly rates, though on the high end of the approvable range, are reasonable in light of other, similar hourly rates approved by our court in employment cases involving counsel with similar experience.  *See*, *e.g.*, *Barbosa v. Nat'l Beef Packing Co., LLC*, No. 12-2311-KHV, 2015 WL 4920292, at *10 (D. Kan. Aug. 18, 2015) (Judge Vratil found hourly rates ranging from $180 to $425 reasonable, depending on each attorney's level of experience, in an FLSA case); *Seamands v. Sears Holding Corp.*, No. 09-2054-JWL, 2011 WL 884391, at *14–16 (D. Kan. Mar. 11, 2011) (Judge Lungstrum found the following hourly rates reasonable in a class action lawsuit for unpaid sales incentive compensation:  $400 per hour for a lawyer with more than 30 years' experience, $290 per hour for lawyers with more than 20 years' experience, $270 for a partner with 11 years' experience, and $175 for associates with "lesser experience").

The court thus concludes that plaintiff has supported her fee request adequately with the submitted billing records and affidavits.  The court also has considered the *Johnson* factors discussed above.  It finds that the majority of those factors are neutral ones.  None of the *Johnson* factors present any reason for the court to adjust the lodestar upward or downward.  The court thus finds that the requested fee award is a reasonable one.  Accordingly, the court grants plaintiff's Motion for Attorneys' Fees and awards plaintiff $28,937.50 in attorneys' fees.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Attorneys' Fees (Doc. 22) is granted.  The court awards $28,937.50 to plaintiff in attorneys' fees.

**IT IS SO ORDERED.**

**Dated this 17th day of November, 2017, at Topeka, Kansas.**

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge
